IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:13-cv-03195

DENISE PALLUCK and LYNN BESHANY,

     Plaintiffs,

v.

BBVA COMPASS INSURANCE AGENCY, INC.,

     Defendant.

---

## STIPULATED PROTECTIVE ORDER

     This matter comes before the Court on the parties' Stipulated Motion for Entry of Protective Order. The Court has reviewed that Motion. The parties have stipulated to the entry of a protective order to protect the discovery and dissemination of CONFIDENTIAL information. Therefore, IT IS ORDERED:

     1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

     2.    As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.      Information designated "CONFIDENTIAL" shall be information that implicates common law and/or statutory privacy and/or confidentiality interests, which may include (a) sensitive personnel and medical records of current or former employees of Defendant; (b) Defendant's trade secrets, proprietary information, and commercial or financial information that are either privileged or CONFIDENTIAL; (c) Plaintiff's social security number, medical records, financial information including salary, and tax records and/or portions of documents that contain information generally considered to be CONFIDENTIAL such as social security numbers, dates of birth and other personal identifying information. CONFIDENTIAL information shall not be disclosed or used for any purpose except for the preparation and trial of this case.

4.      CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL Information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a)      attorneys actively working on this case;

(b)      persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)      the parties, including designated representatives for the entity defendants;

(d)      expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e)      the Court and its employees ("Court Personnel");

(f)     stenographic or videographer reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)     deponents, witnesses, or potential witnesses; and

(h)     other persons by written agreement of the parties.

5.     Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, deponents, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order, explain the person's obligations under the Protective Order, and obtain the person's agreement to comply with the Protective Order.

6.     If a deponent refuses to agree to the nondisclosure provisions of this Protective Order, disclosure of the CONFIDENTIAL Information during the deposition shall not constitute a waiver of confidentiality.  Under such circumstances the witnesses shall have the opportunity to sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

7.     Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."   In addition, any medical records and any financial, tax records or employment records for Plaintiff that Defendant obtains as a result of a release or authorization form signed by Plaintiff or subpoena, if any, shall be deemed "CONFIDENTIAL Information," whether or not Plaintiff or any other person has stamped the word "CONFIDENTIAL" on those records.

3

8.    Before any information is designated "CONFIDENTIAL," counsel of record for the designating party must first review the information and make a determination, in good faith, that the documents and/or information are CONFIDENTIAL or otherwise entitled to protection under Fed. R. Civ. P. 26(c).

9.    Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. With respect to electronically stored information, by labeling each document or file produced as "CONFIDENTIAL" as a component of their Bates number designations.

10.    A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to ~~file an~~ make an appropriate motion, _pursuant to MJ Mix's discovery procedures_ within twenty (20) days after the time the notice is received, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely ~~filed~~ made, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If

KLM

4

the designating party fails to ~~file~~ make such a motion within the prescribed time, the disputed KLM

information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as

CONFIDENTIAL in accordance with this Protective Order. In connection with a motion ~~filed~~ made

under this provision, the party designating the information as CONFIDENTIAL shall bear the

burden of establishing that good cause exists for the disputed information to be treated as

CONFIDENTIAL.

11.     Any item or information inadvertently furnished by the producing party or

nonparty during the course of this litigation without a designation of CONFIDENTIAL may

nevertheless subsequently be designated as CONFIDENTIAL Information under this Order, but

only if counsel for the producing party provides prompt written notice to all receiving parties of

the inadvertent production within thirty (30) days after the production and requests that the

receiving parties thereafter treat such information as CONFIDENTIAL Information under this

Order.  No disclosures of such inadvertently produced information shall be deemed to violate

this Order if the disclosure is made prior to the receipt of notice of the producing Party's

designation of the information as CONFIDENTIAL Information.

12.     Before filing any CONFIDENTIAL information, the parties will follow

procedures established by D.C.COLO.LCivR 7.2 for filing motions to restrict public access to

documents.

13.     The inadvertent production by either Party of information subject to attorney-

client privilege or work product immunity, or the inadvertent failure to designate information as

CONFIDENTIAL, will not be deemed to constitute a waiver of such privilege, immunity, rights,

or any other privilege, immunity, or rights that would otherwise attach to such information.  Any

Party receiving inadvertently produced information will forthwith, upon request, return the original and all copies to the Party producing such information.

14.     This Protective Order shall not be construed as a waiver of any right to object to the authenticity, admissibility or confidentiality of any evidence at trial nor shall it be construed as a waiver of any right to object to the furnishing of information in response to discovery.

15.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26 of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which CONFIDENTIAL Information shall be treated at trial.

16.     At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be destroyed

17.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED this 19th day of _December_, 2014.

BY THE COURT:

United States Magistrate Judge Mix

STIPULATED AND AGREED TO BY:

/s Rosemary Orsini
Rosemary Orsini
BERENBAUM WEINSHIENK PC
370 Seventeenth Street, Suite 4800
Denver, Colorado 80202
(303) 592-8305
rorsini@bw-legal.com

Attorneys for Plaintiff

/s Jeffrey M. Lippa
Jeffrey M. Lippa
GREENBERG TRAURIG LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202
(303) 572-6535
lippaj@gtlaw.com

Attorneys for Defendant

7